1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  CAREER SYSTEMS DEVELOPMENT     )
    CORPORATION,                   )
12                                 )        No. C 10-2679 BZ
                 Plaintiff(s),     )
13                                 )
          v.                       )        **ORDER GRANTING PLAINTIFF'S**
14                                 )        **MOTION FOR SUMMARY JUDGMENT**
    AMERICAN HOME ASSURANCE        )        **AND DENYING DEFENDANT'S**
15  COMPANY,                       )        **MOTION FOR SUMMARY JUDGMENT**
                                   )
16               Defendant(s).     )
                                   )
17  _____  )

18       Before the Court are the parties' cross motions for

19  summary judgment.[1]  Docket Nos. 44 and 50.  The issue is

20  whether defendant American Home Assurance Company breached its

21  duty to defend its insured, plaintiff Career Systems

22  Development Corporation, in two underlying lawsuits.  The

23  lawsuits were filed by two independent contractors, Geoffrey

24  E. Woo-Ming and Darlene Hoyt, after their contracts for

25  services were terminated by plaintiff.  Defendant initially

26  defended both actions, but then withdrew, forcing plaintiff to

27  _____

28       [1]     The parties have consented to the Court's
    jurisdiction for all proceedings, including entry of final
    judgment under 28 U.S.C. § 636(c).

                              1

incur fees and costs in defending itself. Plaintiff, who prevailed in both lawsuits, now seeks to recover its fees and costs. For the reasons explained below, **IT IS HEREBY ORDERED** that plaintiff's motion is **GRANTED** and defendant's motion is **DENIED**.

Defendant first argues that it did not have a duty to defend plaintiff because both underlying complaints failed to allege a covered claim under the insurance policy. The policy at issue provided plaintiff with coverage for personal and advertising injury arising from "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services," (i.e., coverage for defamation). Bellasis Declaration, Ex. 2 at 112. In his second amended complaint,[2] Woo-Ming, who was representing himself, alleged that plaintiff, "through its agents, lied and made false and damaging statements concerning Woo-Ming's termination," such as accusing him of sexual misconduct, which caused irreparable harm to his professional reputation.[3]

---

[2] Plaintiff requests that the Court take judicial notice of the following documents filed in the Woo-Ming and Hoyt lawsuits: (1) the underlying complaints, including all amended complaints; (2) Hoyt's verdict form; and (3) a minute order granting plaintiff summary judgment in the Woo-Ming action. Docket No. 46. Defendant does not object to this request and it is therefore **GRANTED** to the extent that the documents are used in the Court's analysis.

[3] Woo-Ming's form complaint alleged that plaintiff was liable for: (1) breach of contract; (2) wrongful termination of public policy; (3) intentional infliction of emotional distress; and (4) intentional interference with prospective economic advantage. Plaintiff prevailed in this action after the Court granted its summary judgment motion. Ex. 8. The Court's order found that Woo-Ming was an independent

1  Hoyt's factual allegations from her second amended complaint
2  included the claim that plaintiff's supervisor subjected her
3  to a series of harassing comments and actions that harmed her
4  reputation, such as accusing her of working outside of her
5  contract without permission, improperly billing her time, and
6  telling a co-worker that she was having a nervous breakdown
7  due to the harassment.[4]

8      The above allegations from Woo-Ming and Hoyt triggered
9  defendant's duty to defend because they created the potential
10  that both claimants could have recovered for the alleged
11  defamatory statements made by plaintiff's agents. <u>See</u>
12  <u>Montrose Chem. Corp. v. Superior Ct.</u>, 6 Cal.4th 287, 300
13  (1993)(holding that the duty to defend is broad and the
14  insured "need only show that the underlying claim *may* fall
15  within policy coverage; the insurer must prove it *cannot*").
16  Contrary to defendant's argument, the duty to defend in
17  California does not require the underlying lawsuits to
18  specifically allege defamation as a cause of action for there
19  to be coverage. <u>Scottsdale Ins., Co. v. MV Transp.</u>, 36
20  Cal.4th 643, 654 (2005)("that the precise causes of action
21  pled by the third-party complaint may fall outside policy

22
23
contractor. <u>Id.</u>
24
25      [4]    Hoyt's lawsuit alleged the following causes of action
against plaintiff: (1) breach of contract; (2) breach of
implied covenant of good faith and fair dealing; (3) wrongful
26  termination in violation of California Government Code § 12940
and in violation of public policy; (4) intentional infliction
27  of emotional distress; (5) negligence; and (6) violation of the
Unruh Civil Rights Act.  The jury found that Hoyt was not
28  plaintiff's employee and plaintiff was not liable under any of
her causes of action.  Ex. 7.

3

1   coverage does not excuse the duty to defend where, under the
2   facts alleged, reasonably inferable, or otherwise known, the
3   complaint could fairly be amended to state a covered
4   liability"); Barnett v. Fireman's Fund Ins. Co., 90
5   Cal.App.4th 500, 510 (2001)(citing CNA Cas. of Calif. v.
6   Seaboard Surety Co., 176 Cal.App.3d 598, 606-607 (1986))("the
7   duty to defend arises when the facts alleged in the underlying
8   complaint give rise to a potentially covered claim regardless
9   of the technical legal cause of action pleaded by the third
10  party").

11       Pursuant to Scottsdale and Barnett, it was also not
12  necessary for Woo-Ming and Hoyt to have pled all of the
13  elements of defamation to trigger defendant's duty to defend.
14  Defendant's contention that Lindsey v. Admiral Insurance
15  Company, 804 F.Supp. 47, 52 (N.D. Cal. 1992), requires all
16  elements of a covered cause of action to be pled before
17  coverage attaches, misreads Lindsey and was rejected in
18  Barnett.[5]  Barnett held that the claimant's allegation that
19  defamatory statements were published was sufficient to trigger
20  the duty to defend and there was no requirement for the
21  claimant to have also pled that the statements were false.   90
22  Cal.App.4th at 510. See also Elecs. For Imaging, Inc. v.
23  Atlantic Mutual Ins. Co., 2006 WL 3716481 at *4 (N.D. Cal.
24  2006)(declining to follow Lindsey because it did not address
25  controlling California law and relied on only one case,

26

27       [5]    The dicta on which defendant relies was uttered in
     the context of a complaint for harassment which alleged none of
28  the elements of a claim for defamation, especially the uttering
     of a false statement of fact.

4

1   Lunsford v. American Guarantee & Liability Insurance Company,
2   775 F.Supp. 1574 (N.D. Cal. 1991), which was later reversed by
3   the Ninth Circuit).

4       Defendant correctly points out that it is not entirely
5   clear from Woo-Ming's complaint that the allegedly defamatory
6   statements were published to a third party, as opposed to
7   having been said only to Woo-Ming.  Likewise, it is not
8   entirely clearly from Hoyt's complaint whether defendant made
9   some of the allegedly defamatory statements or Hoyt implied
10  them from other statements or conduct.  Nor is it alleged that
11  the statement that Hoyt was experiencing a nervous breakdown
12  was false.  Under California law, when faced with allegations
13  that create a potential for coverage, the insured has a duty
14  to investigate.  See CNA Casualty, 176 Cal.App.3d at 610
15  ("Before an insurer may rightfully reject a tender of defense,
16  it must investigate and evaluate the facts expressed or
17  implied in the third party complaint as well as those which it
18  learns from its insured and any other sources")(internal
19  citations and quotations omitted).  Here, defendant did
20  initially provide a defense to both actions, during the course
21  of which it reviewed discovery that was conducted with respect
22  to Woo-Ming and Hoyt.  In a letter informing plaintiff that it
23  was denying coverage and would be withdrawing from defense of
24  the Hoyt action, defendant acknowledges its duty to
25  investigate and summarizes what it has learned about the
26  coverage issues from discovery, including from Hoyt's
27  deposition and her responses to interrogatories.  See Stinson
28  Declaration, Ex. 2.  Nowhere does it mention that it has

1  learned that the Hoyt statements were not published or were
2  true.  The same is true for the Woo-Ming action.  Nowhere in
3  defendant's investigation of Woo-Ming's claim does it appear
4  that defendant learned that the allegedly defamatory
5  statements were not published.  <u>See</u> Bergen Declaration, Ex. 1;
6  Stinson Declaration, Ex. 2.  It therefore appears that after
7  conducting its discovery and investigation, the potential in
8  Hoyt and Woo-Ming still existed for a defamation claim.  Yet
9  in each case, defendant withdrew from its defense.

10      Nor can, defendant escape its duty to defend by arguing
11  that plaintiff had valid defenses to Woo-Ming and Hoyt's
12  defamation allegations.  Although plaintiff may have
13  eventually prevailed at trial by establishing that the alleged
14  statements were not defamatory because they were "rhetorical
15  hyperbole" or privileged under California Code § 47c, the
16  availability of valid defenses does not relieve the insurer
17  from the responsibility of defending its insured.  <u>See</u>
18  <u>Garriott Crop Dusting Co. v. Superior Court</u>, 221 Cal.App.3d
19  783, 796 (1990)("the duty to initially defend Garriott exists
20  regardless of potentially meritorious defenses to the City's
21  claims"); <u>Horace Mann Ins. Co. v. Barbara B.</u>, 4 Cal.4th 1076,
22  1086 (1993)("If Barbara B's claims were indeed so
23  insubstantial as not to warrant any damages, Horace Mann
24  should have raised that defense in the underlying action for
25  [the claimant's] benefit, rather than in this declaratory
26  relief action to his detriment").

27      I therefore find that plaintiff has established that Woo-
28  Ming and Hoyt's complaints contained factual allegations that

1 | raised the possibility of coverage under the policy (e.g.,
2 | Having concluded that there was a potential for coverage under
3 | the policy, the next issue is whether any of the policy's
4 | exclusions applied to Woo-Ming and Hoyt's lawsuits.  Under
5 | this analysis, the burden is on defendant to prove that the
6 | underlying claims were specifically excluded by the policy.
7 | MacKinnon v. Truck Ins. Exch., 31 Cal.4th 635, 648
8 | (2003)(citing Aydin Corp. v. First State Ins. Co., 18 Cal.4th
9 | 1183, 1188 (1998)).  Exclusionary clauses are strictly
10 | construed and must inform the insured about the exclusion in
11 | "clear and unmistakable language" to be effective.  Id.
12 | (citations omitted).

13 | According to defendant, the Employment Related Practices
14 | (ERP) exclusion allowed it to not defend plaintiff against the
15 | underlying lawsuits.  This exclusion provided that the policy
16 | did not apply to:

17 |
18 | "Bodily injury" to:
   | (1) A person arising out of any:
   |     (a) refusal to employ that person;
19 |     (b) termination of that person's employment; or
   |     (c) employment-related practices, policies,
20 | acts or omissions, such as coercion, demotion,
   | evaluation, reassignment, discipline,
21 | defamation, harassment, humiliation or
   | discrimination directed at that person...
22 | This exclusion applies:
   | (1) Whether the insured may be liable as an employer or
23 | in any other capacity...

24 | Bellasis Declaration, Ex. 1 at 41.

25 | Plaintiff contends that this exclusion only applies to
26 | lawsuits filed by employees and does not exclude lawsuits
27 | filed by independent contractors.  It relies on North American
28 | Building Maintenance, Inc. v. Fireman's Fund Insurance Company

7

1   which held that a similar ERP exclusion did not apply to a
2   lawsuit filed by employees of the insured's independent
3   contractor.  137 Cal.App.4th 627, 642-44 (2006).  NABM
4   explained that the term "as an employer or in any other
5   capacity" was ambiguous and found that a reasonable
6   understanding of the language in the exclusion is that it only
7   relates to actual, former, or prospective employees which does
8   not include the employees of an independent contractor.  Id.
9   Other courts have reached a similar conclusion when
10  interpreting analogous ERP exclusions.  See e.g., National
11  Union Fire Ins. Co. of Pittsburgh Pa. v. Starplex Corp., 188
12  P.3d 332, 349 (Or. App. 2008)(holding that the ERP exclusion
13  did not apply to claims filed by employees of the insured's
14  independent contractor).

15      Defendant, however, argues that the ERP exclusion bars
16  coverage for all employment-related claims, including those
17  filed by independent contractors who are essentially in an
18  employment relationship with the insured, relying on Insurance
19  Commissioner v. Golden Eagle Insurance Company, an unpublished
20  decision from the California Court of Appeal.  2007 WL 908519
21  (Cal. App. 2007).  In Golden Eagle, the insured claimed it was
22  owed a defense because the employee who sued was not its
23  employee but that of a sister company and therefore the ERP
24  exclusion did not apply.  Id. at *5.  The Golden Eagle court
25  assumed the underlying claimant was employed by the sister
26  company, but found that this was a distinction without a
27  difference because there "is no requirement in either version
28  of the ERP exclusion that the 'person' bringing such

1   employment-related complaints be an employee of the insured."
2   Id. at *6.   One of the reasons Golden Eagle distinguished
3   NABM, which was brought to its attention by the insured during
4   oral argument, was that in NABM it was clear, unlike in Golden
5   Eagle, that the claimant worked for a separate entity that had
6   no relation to the insured.   Id. at *7-8.

7       I follow NABM and find that the ERP exclusion does not
8   apply to Woo-Ming and Hoyt's claims.   First, NABM is the
9   controlling authority.   Both parties agree that I am to apply
10  California law to this dispute.   Under California Rule of
11  Court 8.1115, unpublished decisions from the California Court
12  of Appeal, such as Golden Eagle, cannot be cited or relied
13  upon by a court or a party in any action.   See Jimeno v. Mobil
14  Oil Corp., 66 F.3d 1514, 1529 n. 8 (9th Cir. 1995); Quintero
15  v. U.S., 2011 WL 836735 at *3 (E.D. Cal. 2011).[6]   Second,
16  Golden Eagle addressed NABM without the issue being briefed by
17  the parties.   Furthermore, Golden Eagle considered whether the
18  ERP exclusion applied to a claimant that may have been an
19  employee of both the insured and another entity rather than an
20  independent contractor, which is the question analyzed here
21  and more analogous to the issue presented in NABM.

22      Finally, I find NABM persuasive.   The burden is on the
23  defendant to show that its policy exclusion is "clear and
24  unmistakable."   See MacKinnon, 31 Cal.4th at 648.   As the NABM
25  court explained, the language of the ERP exclusion is

26
27      [6]   While it is true that courts in this Circuit have at
    times cited to unpublished California decisions, such decisions
    are considered to have no precedential value.   See, e.g.,
28  Employers Ins. of Wausau v. Granite State Ins. Co., 330 F.3d
    1214, 1220 n. 8 (9th Cir. 2003).

1  ambiguous at best and may reasonably be interpreted as
2  applying to only employees and not independent contractors.
3  137 Cal.App.4th at 642 ("the other language of the [ERP]
4  exclusion relates primarily to claims that could only arise in
5  situations of employment, former employment, or prospective
6  employment").  If defendant wishes to exclude independent
7  contractors from coverage, the simple solution is to
8  specifically include such language in its insurance policies.
9  Because the policy as written is unclear and courts are
10 mandated to strictly construe any exclusions to coverage, I
11 find that the ERP exclusion does not apply to independent
12 contractors such as Woo-Ming and Hoyt.[7]

13      Lastly, defendant argues that the policy excludes any
14 "personal and advertising injury" that arises out of a breach
15 of contract which results in no coverage for the underlying
16 claims because they stemmed from Woo-Ming and Hoyt's
17 ///
18 ///
19 ///
20
21 _____
    [7]    Defendant points out that plaintiff obtained a
    separate Employment Practices Liability (EPL) policy that
    provided coverage, subject to a $100,000 self-insured
22  retention, for employment-related claims such as wrongful
    termination, discrimination, and defamation.  This EPL policy
23  defined covered employees to specifically include independent
    contractors as long as plaintiff provided indemnification to
24  such contractors in the same manner as its employees.
    Defendant argues that plaintiff purchased the EPL policy
25  because it understood that the ERP clause would exclude
    employment-related claims made by independent contractors.
26  That is not necessarily the case.  Plaintiff may have purchased
    the EPL policy to protect itself against employment-related
27  claims from its employees while still having the reasonable
    expectation, based on the ambiguous language of the ERP
28  exclusion, that independent contractors would be covered under
    its general liability policy.

                          10

1  employment contracts.[8]  Bellasis Declaration, Ex. 2 at 104.

2  While some of the underlying claims arose directly from Woo-

3  Ming and Hoyt's contractual relationship with plaintiff, the

4  duty to defend is triggered whenever there is any potential

5  for coverage.  The allegations in Woo-Ming and Hoyt's

6  operative pleadings, created a potential that plaintiff would

7  be liable for publishing defamatory statements against Woo-

8  Ming and Hoyt.  Because liability for such statements would

9  constitute the separate tort of defamation and have no

10  relation to any contract between the parties, the "breach of

11  contract" exclusion does not apply.

12       For the foregoing reasons, I find that Woo-Ming and

13  Hoyt's claims triggered defendant's duty to defend plaintiff.

14  This duty was not extinguished by any of the exclusions from

15  the policy.  **IT IS THEREFORE ORDERED** that plaintiff's motion

16  for summary judgment is **GRANTED** and defendant's motion for

17  summary judgment is **DENIED** with respect to plaintiff's breach

18  of contract claim.  I do not rule on plaintiff's "insurance

19  bad faith claim" because plaintiff has requested permission to

20  first conduct discovery about this issue and the possibility

21  of such discovery was contemplated at the status conference in

22  February.  See Docket Nos. 39 and 43.  The parties are **ORDERED**

23  to meet and confer and file a joint statement by **September 28,**

24  **2011** discussing the remaining issues in this matter and

25  ────────────────

26       [8]    When defendant initially withdrew its defense in the
    underlying lawsuits, it cited the ERP exclusion and the Golden
27  Eagle case as its reason for not having to provide plaintiff
    with a defense.  Stinson Declaration, Exs. 1 and 2.  Defendant
28  did not argue that the "breach of contract" exclusion applied
    to Woo-Ming and Hoyt's claims and it now raises the exclusion
    for the first time in its motion.

1  submitting a joint request for a trial date and pretrial

2  deadlines.

3  Dated: September 14, 2011

4  Bernard Zimmerman

5  United States Magistrate Judge

6

7

8

9

10  G:\BZALL\-BZCASES\CAREER SYSTEMS V. AMERICAN HOME\ORDER ON CROSS MOTIONS (AFTER HEARING).wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28